872 F.2d 416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dovie BENTLEY, widow of George A. Bentley, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Party in Interest,
and
Itmann Coal Company, Respondent.
 No. 87-1181.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1989.
Decided March 13, 1989.
 
 Richard G. Rundle, Rundle & Rundle, L.C. on brief for petitioner.
 David Allen Barnette, Jackson & Kelly on brief for respondents.
 Before DONALD RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dovie Bentley ("claimant") appeals the Benefits Review Board's ("BRB") affirmance of the administrative law judge's ("ALJ") determination that she was not eligible for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969 ("Act"), as amended, 30 U.S.C. Sec. 901 et seq. Finding no error, we affirm.
 
 I.
 
 2
 In March, 1977, George R. Bentley ("decedent") filed a claim for benefits under the Act. The claim was based on decedent's employment in the mines from March 16, 1951, until September 12, 1975. The decedent ceased work because of a heart attack and died in 1979 as a result of kidney failure.
 
 
 3
 Prior to his death, decedent had received a favorable determination on his application but had not yet begun to receive benefits. Itmann Coal Company, as the responsible operator, controverted the claim. A formal hearing was held before the ALJ on March 29, 1984.
 
 
 4
 The testimony given at the hearing centered on the medical evidence of decedent's condition and his eligibility for the interim presumption found at 20 C.F.R. Sec. 727.203.[1] Two conforming x-rays were entered into evidence, neither of which was read positive for pneumoconiosis. Two additional x-rays were submitted, one interpreted as showing probable minimal pneumoconiosis, the other read as negative. Microscopic slides taken during decedent's autopsy were interpreted by the examining pathologist as showing simple anthraco-pneumoconiosis. Five other physicians also reviewed the slides; each concluded that there was no pneumoconiosis. Claimant submitted no ventilatory studies showing pulmonary impairment. Likewise, decedent's blood gas study did not meet the levels needed to invoke the presumption. Finally, two physicians who examined decedent before his death and a third who reviewed the medical evidence after his death all independently concluded that he did not have pneumoconiosis. They opined that any impairment that he had was the result of his heart disease and his pack-a-day smoking habit.
 
 
 5
 On this evidence, the ALJ concluded that claimant was not entitled to the interim presumption because she could not show that decedent met any of the requisite medical criteria. Alternatively, the ALJ held that even if claimant had the benefit of the presumption, the evidence demonstrated that, in fact, decedent did not have pneumoconiosis. The BRB affirmed this ruling in its entirety.[2] This appeal followed.
 
 II.
 
 6
 Appellant contends that the ALJ erred in determining that there was insufficient evidence to invoke the interim presumption under 20 C.F.R. Sec. 727.203. She maintains that the single x-ray read as positive and the autopsy pathologist's finding of pneumoconiosis, taken along with the other medical evidence, were more than sufficient to invoke the presumption. We disagree.
 
 
 7
 On petition for review from the BRB, our scope of review is carefully circumscribed. We examine only for errors of law and will overturn the BRB's findings only when they are not supported by substantial evidence. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 (1947). It is with this limited perspective that we must view appellant's claim.
 
 
 8
 Disability benefits are payable to a surviving spouse upon proof that the miner was totally disabled at the time of his death and the disability was caused, at least in part, by pneumoconiosis arising out of coal mine employment.[3] 20 C.F.R. Sec. 727.201; See also Mullins Coal Co. v. Director OWCP, 56 U.S.L.W. 4044, 4045 (Dec. 14, 1987). Under 20 C.F.R. Sec. 727.203 this proof is presumed if the surviving spouse can show that the miner was engaged in coal mine employment for at least ten years and, when medical evidence is available, that he met one of the following four medical criteria: (1) a chest x-ray or autopsy that established the existence of pneumoconiosis; (2) ventilatory studies that established the presence of a chronic respiratory or pulmonary disease; (3) blood gas studies which demonstrated an impairment in the transfer of oxygen from the lungs to the blood; (4) other medical evidence, including physicians' opinions, that established the presence of a totally disabling respiratory or pulmonary impairment. To invoke the presumption, claimant must prove that the miner met one of these criteria by a preponderance of the evidence. Mullins, supra, at 4045. The presumption is conclusively rebutted by a showing that the miner, in fact, did not have pneumoconiosis. 20 C.F.R. Sec. 727.203(b)(4).
 
 
 9
 In determining that the claimant was not eligible for benefits, the ALJ carefully and thoughtfully weighed all the medical evidence as it applied to each of the four criteria. Claimant's single positive x-ray was countered by three negative interpretations. The autopsy pathologist's conclusion that pneumoconiosis was present had to be considered along with five contrary opinions. Further, appellant submitted no qualifying ventilatory or blood gas studies. And, two examining and one reviewing physician independently determined that decedent did not have pneumoconiosis.
 
 
 10
 Faced with this record, we must conclude that there was ample support for the ALJ's determination that appellant did not prove any of the medical criteria by a preponderance of the evidence, and consequently, could not have the benefit of the interim presumption. Likewise, the conclusion that even if the presumption were invoked, it was effectively rebutted, is fully supported by this record. There is simply insufficient evidence of pneumoconiosis to support appellant's claim. The BRB properly affirmed the ALJ's denial of benefits and accordingly, we also affirm.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Itmann Coal conceded that decedent had worked the necessary ten years in the mines
 
 
 [2]
 The BRB noted that although the ALJ did not do so, pursuant to our decision in Broyles v. Director OWCP, 824 F.2d 327 (4th Cir.1987), affirmed in Pittston Coal Group v. Sebben, 57 U.S.L.W. 4029 (Dec. 6, 1988), claimant's eligibility for benefits also must be evaluated under the more lenient regulations at 20 C.F.R. Sec. 410.490. We agree with BRB that the ALJ's error in failing to analyze this claim under Sec. 410.490 was harmless. As discussed below, claimant's medical evidence was insufficient to qualify for either presumption
 
 
 [3]
 Eligibility can also be proven by a showing that the miner died as a result of pneumoconiosis